E. G. ARMSTRONG AND ANOTHER v. R. R. JOWELL, EXECUTOR.

That a testator may, by will, emancipate his slaves, if provision be made for their removal from the state, has been the settled law of this court, since the decision of the case of Purvis v. Sherrod, 12 Texas Rep. 140.

ERROR from Rusk. Tried below before the Hon. Charles A. Frazer.

This was a proceeding, commenced in the County Court of Cherokee county, by the defendant in error, and J. C. Maples, to probate the will of Alburtis Arnwine, deceased, of which they were made executors. The plaintiffs in error, E. G. Armstrong and A. W. Arnwine, filed a protest and opposition in writing to the said probate, claiming to be interested in the estate of the decedent, as assignees of J. Arnwine, a brother of the deceased, and one of his heirs.

Upon the trial of the application, the County Court refused to admit the will to probate, and Maples declined to act as executor; the defendant in error removed the case, by *certiorari*, to the District Court of Cherokee county, and afterwards, by change of venue, it was removed to the county of Rusk, where, on a trial of the case, there was a verdict and judgment sustaining the will.

By the provisions of this will, the testator emancipated all of his slaves, and provided for their removal, by his executors, from the state. As this presented the only question discussed in this court, it is unnecessary to state the facts with more particularity.

*Thomas J. Jennings*, for the plaintiffs in error.

*A. J. Hood, Richard S. Walker*, and *Armstrong & Parsons*, for the defendant in error.

WHEELER, C. J.—We have attentively examined the very able and ingenious argument of counsel for the appellants, which

asks us to overrule the decision of this court in the case of Purvis v. Sherrod, 12 Texas Rep. 140.

It cannot escape observation, that the argument has to en-counter the overwhelming weight of the whole course of legal adjudication on this subject in other states, where the subject has been repeatedly and ably examined, and thoroughly under-stood. The decisions of the very learned and able courts of South Carolina, Georgia, Mississippi, Tennessee, and other states, all go to maintain the conclusion arrived at by this court in Purvis v. Sherrod.

The solitary decision to the contrary, now so much relied on, (Trotter v. Blocker, 6 Porter, 269,) was before this court, and was considered when the case of Purvis v. Sherrod was decided. That decision has since been very much qualified by the same learned court that pronounced it, in the recent case of Atwood v. Beck, 21 Ala. Rep. 590. The Supreme Court of Alabama there de-cide, that the constitution and laws of that state do not operate any restriction or prohibition upon the power of the owner to effect the emancipation of his slaves by will, by appointing a trustee to effectuate the bequest, by removing the slaves to a free state, where the bequest of freedom is to take effect; although they hold that their constitution and statutes amount to a prohibition of the right of emancipation, except in the mode pointed out by statute; and that, (by will,) is not a mode which the statute provides. The bequest in the will, in that case, which the court sustained, holding the legacies and trusts valid as to all the negroes concerned, was as follows: "To each and all of the before mentioned children, I give and bequeath the sum of $8000 each, to be appropriated and invested in such manner as hereafter described, the same being invested in the hands of my executors, for the special benefit of the said children; and the bondage and slavery to which said children, by the laws of the state, are subjected, I hereby invest in the hands of my execu-tors, for the purpose of my said executors removing said chil-dren, (naming them,) to a free state; the others, to wit, (naming them,) being already in a free state, from which they are not to

be removed into any slave state; it being my desire to give to each and all of the children before named, their freedom, as also the sum of $8000, to be invested as hereinafter named," &c.

If the question were an open one, and the legislature of this state, like that of Alabama, had specially provided a mode in which the owner might emancipate his slaves, a very cogent argument might be deduced from that circumstance, that no act of emancipation could be effected, otherwise than in the mode specially provided by statute. The argument, it would seem, would be quite as cogent from the exercise of the power, by the legislature prescribing a particular mode to be pursued, that that, and none other, could be pursued, as that deduced from their failure to exercise the power, that none could be employed. No construction which can be given to the constitution and laws of this state, can make them mean more than a prohibition of the power of emancipation. And in other states, where the laws contain such prohibition, the whole course of adjudication upon this subject has firmly established the doctrine, which was adopted by this court in Purvis v. Sherrod, following the decisions of South Carolina, Georgia, Mississippi, and other states, that, although a state, by its laws, may absolutely prohibit emancipation, or prescribe a mode in which only it can be done, yet a bequest of freedom, to be perfected by the removal of the slave beyond the limits of the state, is not in contravention of those laws, and is a valid bequest. (See Cobb on Slavery.)

The case of Purvis v. Sherrod was very fully and ably argued at the bar, and very fully considered by the court; and after the decision was pronounced, a very elaborate argument was submitted to the court, on an application for a re-hearing. The application was refused; and the decision has since been regarded as the settled law of the court. It is believed to be supported in its result, by the settled course of decision in other states, where similar questions have arisen. To overrule that decision would require of us, as it has counsel for the appellants, to impugn the soundness of the views and doctrines maintained in legal judgment, by many of the ablest and most enlightened

judges and courts, that have adorned the bench in our sister states, whose laws upon this subject are similar to our own; and without being able to invoke any counter course of decision on which to repose our judgment. Under such circumstances, it would certainly be asking very much of a court, to overrule its former solemn adjudications, or to re-examine and review the grounds and authorities on which they rest. We do not think proper to enter upon such an examination, and are content to repose upon the maxim, *stare decisis*. The judgment is affirmed.

Judgment affirmed.